United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

FLORENCE LAUREL ANDERSON,

    Petitioner,

vs.

SECRETARY JEFFREY BEARD,

    Respondent.
_____/

No. 1:14-CV-2468 NJV

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a California prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Humboldt County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has paid the filing fee and consented to the jurisdiction of a Magistrate Judge. Docket No. 5.

## BACKGROUND

A jury convicted petitioner of felony murder and second degree robbery. Petitioner states that she appealed to the Court of Appeal and filed a petition for review with the California Supreme Court. Petitioner subsequently sought habeas corpus relief in all three levels of the California state courts.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.     Legal Claims**

Petitioner seeks habeas corpus relief on several grounds, alleging that she was deprived of her rights under the Fifth, Sixth and Fourteenth Amendments.  Petitioner claims specifically that her due process right to a fair trial was violated when the trial court refused to admit evidence of partner battering; that counsel's failure to present such evidence and to move for severance constitutes ineffective assistance of counsel; and that the failure of appellate counsel to raise these issues on appeal constitutes ineffective assistance of appellate counsel.  These claims is sufficient to require a response.

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of this order, the petition and all attachments thereto and a Magistrate Judge jurisdiction consent form on respondent and respondent's attorney, the Attorney General of the State of California.

2. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, she shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: June 20, 2014.

_____
NANDOR J. VADAS
United States Magistrate Judge